**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSUE SEBASTIAN SUMBA CAMPOVERDE, Petitioner, | ) | |
| v. | ) | Civil A. No. 3:26-1949<br>Judge Nora Barry Fischer |
| LEONARD ODDO, et al., Respondents. | ) | |

## ORDER OF COURT

AND NOW, this 23rd day of November, 2026, upon consideration of the counseled § 2241 habeas petition filed by Petitioner Josue Sebastian Sumba Campoverde on October 6, 2026 arguing that he is wrongfully subject to mandatory detention under 8 U.S.C. § 1225(b) and requesting a bond hearing and release pursuant to 8 U.S.C. § 1226(a), (Docket No. 1), based on allegations that he was detained by local police on October 1, 2026 following a traffic accident, "counsel is presently unaware of any criminal complaint, indictment or other criminal charge arising from that incident," and he was subsequently transferred to ICE custody, the Response filed on October 22, 2026, (Docket No. 6), wherein Respondents argue that Petitioner is not subject to mandatory detention under § 1225(b) and has been detained pursuant to § 1226(a), as evidenced by the I-286 Notice of Custody Determination Form signed by Petitioner on October 1, 2026 stating that he was detained under § 236 of the INA (i.e., 8 U.S.C. § 1226) and requested that an immigration judge review the custody determination, as well as an October 15, 2026 Notice directed to Petitioner's counsel from the immigration court scheduling a bond hearing on October 28, 2026, and Petitioner's Reply on November 5, 2026, (Docket No. 8), wherein Petitioner's counsel does not inform the Court whether the bond hearing was held or if an appeal was filed to the BIA, claims that the outcome of the bond hearing does not matter and advances new arguments challenging the

I-286 Form and claiming that he was subject to an alleged warrantless arrest in violation of § 1226(a), and further considering the well-established legal principle that petitioners are precluded from amending their habeas petitions by advancing new facts and asserting new claims in reply briefs, *see e.g.*, *Singh v. Underwood*, Civ. No. CV 3:25-69, 2026 WL 1017540, at *1 (W.D. Pa. Apr. 15, 2026) ("A habeas petitioner cannot raise new claims in a reply (formerly known as a traverse) or in other filings made after the respondent has filed the answer."); *Herrera-Aguilar v. Mullin*, No. CV 26-3626-KSM, 2026 WL 1819117, at *3 (E.D. Pa. June 24, 2026) (Marston, J.) (quotation omitted) ("As a preliminary matter, because Herrera-Aguilar raises these issues for the first time in his reply brief, they are not properly before us; it is well-settled ... that a habeas petitioner cannot amend his petition – much less introduce wholly new claims – in his reply brief."),

IT IS HEREBY ORDERED that the Petition [1] is DENIED. To that end, Petitioner's claims that he is wrongfully subject to mandatory detention under § 1225(b) are denied, with prejudice, because Petitioner was provided with an I-286 Form on October 1, 2026 (or 5 days before this Petition was filed on October 6, 2026) showing that he was detained pursuant to 8 U.S.C. § 1226. *See Brooks v. Oddo*, No. CV 3:26-891, 2026 WL 1815275, at *2 (W.D. Pa. June 24, 2026) (denying 2241 petition because "[u]nlike many petitioners who have brought habeas claims before the Court challenging the mandatory detention policy under § 1225(b), Petitioner was afforded a bond hearing at the outset of his detention and is subject to discretionary detention under § 1226(a)."); *see also* Docket No. 6-1. Petitioner's new factual allegations and legal arguments set forth in his Reply are not properly before the Court and are denied, without prejudice. *See Singh*, 2026 WL 1017540, at *1; *see also Herrera-Aguilar v. Mullin*, No. CV 26-3626-KSM, 2026 WL 1819117, at *3.

Finally, the Court disagrees with counsel's assessment that the outcome of the bond hearing does not matter, as the Court expressly notified the parties in the Case Management Order that it "tentatively intends to grant relief in the form of an individualized bond hearing before an immigration judge," (Docket No. 3 at 2), placing it squarely at issue. In any event, the U.S. Court of Appeals for the Third Circuit has long recognized that:

> counsel have "a continuing duty to inform the Court of any development which may conceivably affect an outcome" of the litigation. *Fusari v. Steinberg*, 419 U.S. 379, 391, 95 S.Ct. 533, 540, 42 L.Ed.2d 521 (1975) (Burger, C.J., concurring). This is so, even where the new developments, new facts, or recently announced law may be unfavorable to the interests of the litigant. *Cf.* Model Rules of Professional Conduct, Rule 3.3 (1983) (candor toward tribunal).

*In re Universal Mins., Inc.*, 755 F.2d 309, 313 (3d Cir. 1985). The same is true in litigation of § 2241 habeas petitions.

An appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record